# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 5, 2011 Session

## ARTIS WHITEHEAD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-04835     James C. Beasley, Jr., Judge**

---

**No. W2010-00784-CCA-R3-PC  - Filed September 7, 2011**

---

The petitioner, Artis Whitehead, appeals from the denial of his untimely petition for post-conviction relief.  The post-conviction court denied the petition after finding that due process concerns did not toll the statute of limitations.  The petitioner argues that due process concerns should toll the statute of limitations because (1) appellate counsel still represented him when she sent a letter informing him of the incorrect deadline for filing his petition for post-conviction relief and (2) that incorrect information was a misrepresentation sufficient to cause due process concerns to toll the statute of limitations.  Upon our careful review of the record, the parties' arguments, and the applicable law, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. McLin, J.,  joined and CAMILLE R. MCMULLEN, J., concurring in results.

Sean G. Hord, Memphis, Tennessee, for the appellant, Artis Whitehead.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

*Trial.*  The petitioner, Artis Whitehead, stood trial for an incident at B.B. King's restaurant in Memphis, Tennessee, involving a gunman who "restrained several employees,

as well as a produce delivery driver[,] . . . took money and valuables from some employees[,] and caused serious injuries to two of his captives." *State v. Artis Whitehead*, No. W2004-03058-CCA-R3-CD, 2006 WL 1273749, at *1 (Tenn. Crim. App., at Jackson, May 10, 2006), *perm. app. denied*, (Tenn. Oct. 16, 2006), *cert denied sub. nom. Whitehead v. Tennessee*, 549 U.S. 1269 (2007). A Shelby County jury convicted the petitioner of five counts of especially aggravated kidnapping, Class A felonies; two counts of aggravated assault, Class C felonies, two counts of aggravated robbery, Class B felonies; two counts of especially aggravated robbery, Class A felonies; and one count of attempted aggravated robbery, a Class C felony. *Id.* The trial court sentenced the petitioner to consecutive sentences totaling 249 years. *Id.* at *9.

*Direct Appeal.* The petitioner appealed to this court, arguing that the evidence was insufficient to support his convictions, that the trial court improperly admitted evidence and testimony, that the trial court prevented him from effectively cross-examining a witness, and that his sentence was improper. *Id.* at *1. This court affirmed the petitioner's convictions and sentences. *Id.* The Tennessee Supreme Court denied the petitioner's application for permission to appeal on October 16, 2006. *Id.* The United States Supreme Court denied his petition for writ of certiorari on March 5, 2007. *Whitehead v. Tennessee*, 549 U.S. 1269 (2007).

*Post-conviction.* This court's opinion from the petitioner's original appeal from the post-conviction court's summary dismissal of his petition relates the following procedural history:

> On March 3, 2008, the petitioner lodged a petition for post-conviction relief with prison authorities. In the petition, he asserted that: (1) the trial court abused its discretion by compelling him to testify at trial; (2) the trial court's failure to merge his aggravated assault and kidnapping conviction constituted double jeopardy; (3) his especially aggravated kidnapping convictions violated his due process rights "because the [kidnapping] was essentially incidental to the accompanying especially aggravated robbery convictions"; (4) the state's closing argument constituted prosecutorial misconduct; (5) his effective 249-year sentence violated his rights under the Sixth Amendment; (7) the state "failed to comply with the statutory requirement of expressly notifying Petitioner regarding his intention to seek enhanced punishment based on prior convictions"; and (8) he received the ineffective assistance of counsel at trial and during the sentencing hearing.
>
> The post-conviction court received the petition on March 19, 2008. On March 25, 2008, the post-conviction court summarily dismissed the petition as

untimely, finding that the petitioner's application for certiorari to the United States Supreme Court did not toll the one-year limitations period for filing a post-conviction petition. The petitioner subsequently filed a timely notice of appeal.

*Artis Whitehead v. State*, No. W2008-00815-CCA-R3-PC, 2009 WL 723849, *1-2 (Tenn. Crim. App., at Jackson, March 19, 2009), *perm. to appeal dismissed* (Tenn. Aug. 31, 2009) (footnotes omitted).

On appeal, the petitioner again argued that his application for certiorari to the United States Supreme Court tolled the statute of limitations and additionally argued that due process required tolling the statute because his appellate counsel incorrectly informed him that the deadline to file his petition was one year from the United States Supreme Court's denial of his application for certiorari. *Id.* at *1. This court concluded that, under the Post-Conviction Procedure Act, the petition was untimely because the statute of limitations began to run on October 16, 2006, and no statutory exceptions to the limitations period applied. *Id.* at *2. However, this court further concluded that an evidentiary hearing was necessary to develop the record regarding the petitioner's allegation that he detrimentally relied on his appellate counsel's misrepresentation of the filing deadline. *Id.* at *4. Therefore, this court remanded the case to the post-conviction court for an evidentiary hearing and limited the scope of the evidentiary appeal

> to determin[ing] (1) whether due process tolled the statute of expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition in [March 2008] was within the reasonable opportunity afforded by the due process tolling.

*Id.* (quoting *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001)).

### Evidentiary Hearing

At the evidentiary hearing held by the post-conviction court on March 5, 2010, counsel testified that she graduated from law school in 1994 and began practicing criminal law in 1998. She said that she has received several professional awards and held leadership positions in various professional organizations. Counsel testified that the petitioner retained her to represent him from his sentencing hearing through his appeal. She said that she appealed the petitioner's case to the Tennessee Court of Criminal Appeals, the Tennessee Supreme Court, which denied permission to appeal on October 16, 2006, and the United States Supreme Court, which denied certiorari on March 5, 2007. Counsel identified a letter

that she sent to the petitioner, which was entered as Exhibit A. The letter, on the letterhead of counsel's firm and dated August 3, 2007, read in its entirety

Dear Mr. Whitehead,

I hope that you are doing well and that your family is well also. In reviewing our appellate files, I noticed that we have not received direction from you regarding your file. Your file cannot be provided to anyone other than you unless we have your written permission. Therefore, although we are closing your file because we no longer represent you, when **you advise this office in writing** as to whom your file can be forwarded we will be happy to do so.

I also would like to remind you that the denial by the United States Supreme Court of your Writ of Certiorari means that if you intend to file a post conviction petition, **this must be done by March 5, 2008.** It has been a pleasure assisting you these past years, Mr. Whitehead and we wish you the best.

Sincerely,
[Counsel] (emphasis in original)

Counsel testified that she was familiar with the statutes governing post-conviction proceedings but nevertheless told the petitioner the wrong date. She could not recall whether she reviewed the petitioner's record or researched the matter to ensure she told him the correct deadline. Counsel stated that she did not know why she gave the petitioner the wrong information. Counsel agreed that she was not retained when she sent the letter, but she also agreed that "[she felt] like [she] had a duty to provide critical information like this correctly to [the petitioner]."

On cross-examination, counsel testified that she had only been retained for appeal. Counsel stated that she remembered having a conversation with the petitioner about his right to a post-conviction proceeding, but she could not remember the specifics of the conversation. She said that it was standard practice for her to explain to criminal defendants that they have a right to a post-conviction proceeding. Counsel testified that she would have also explained, in general terms, the "frame work of time," including "when the last thing happens and the year." She further testified that it would be standard practice to explain that she would not file a post-conviction petition for a defendant she represented on appeal because of the conflict or appearance of conflict. Counsel testified that she did not intend to mislead or deceive the petitioner by telling him the wrong date.

The petitioner testified that he did not recall having a conversation with counsel about his right to post-conviction proceedings, and he said that the first time he learned about that right was when he received the August 3 letter from counsel. The petitioner testified that after receiving the letter, he went to the prison's law library to research post-conviction proceedings. The petitioner stated that he wrote to counsel twice before he received his file. He said that he wanted his file so that he could review it in preparation for post-conviction proceedings and because he had been in contact with Project Innocent, which had requested a copy of his file. The petitioner recalled that he received his file in late October or early November 2007. He testified that after he received his file, he stayed in the library "all three sessions trying to get [his post-conviction petition] together and trying to get an understanding of what it [was] that was required of [him]."

On cross-examination, the petitioner said that he had not filed for post-conviction relief in prior cases. He said that he began researching the law after he received the August 3 letter. The petitioner could not recall reading the statute that states the limitations period for filing for post-conviction relief.

The post-conviction court found that counsel's representation of the petitioner ended on March 5, 2007, when the United States Supreme Court denied certiorari. The court further found that counsel gave the petitioner the wrong information but that she did not do so intentionally, nor did she attempt to deceive the petitioner or impede his ability to file a post-conviction relief petition. The court determined that (1) the petitioner knew that counsel no longer represented him after the denial of certiorari; (2) the petitioner researched the law, which clearly states the limitations period; and (3) the filing of the petition outside of the limitations period was not something outside of the petitioner's control. The court did not find any misconduct on behalf of counsel or any due process violation, and it denied the petition for post-conviction relief.

**Analysis**

On appeal, the petitioner argues that due process concerns should toll the statute of limitations because (1) appellate counsel still represented him when she sent a letter informing him of the incorrect deadline for his filing of his petition for post-conviction relief and (2) that incorrect information was a misrepresentation sufficient to cause due process concerns to toll the statute of limitations.

In a post-conviction proceeding, the petitioner bears the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2006). The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal

unless the evidence preponderates otherwise. *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-202(a). Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. *Id.* The statute itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. *Id.* § 40-30-202(b).

The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000).

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

*Id.* at 277-278 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn.1992)). "[C]ourts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are 'later-arising' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). The principles of due process are flexible, requiring a balancing of the petitioner's liberty interest against the state's finality interests. *Sample v. State*, 82 S.W.3d 267, 274 (Tenn. 2002).

Circumstances beyond a petitioner's control may justify tolling the statute of limitations. In *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001), our supreme court recognized that the petitioner filed his petition for post-conviction relief after the statute of limitations had expired but affirmed this court's remanding the case for an evidentiary hearing in order for the trial court to address the petitioner's allegation that his attorney's misrepresentation caused his petition to be late-filed, "thereby requiring the tolling of the limitations period." In doing so, the court stated that "an attorney's misrepresentation, either attributable to deception or other misconduct, would . . . be beyond a defendant's control." *Id.* at 469. However, the court also noted that its opinion in *Williams* did "not hold[ ] that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence." *Id.* at 468 n. 7.

In this case, the limitations period began to run on October 16, 2006. The petitioner argues that the August 3, 2007 letter from counsel provides a basis for relief from the strict application of the one-year limitations period. It is clear that counsel mistakenly advised the petitioner regarding the deadline to file his petition for post-conviction relief. However, the petitioner became solely responsible for representing himself in his legal affairs as soon as the United States Supreme Court denied his petition for writ of certiorari. The post-conviction court accredited counsel's testimony that she advised the petitioner while she represented him about post-conviction proceedings and that she would be unable to represent him in any post-conviction proceedings. Based on her testimony, the petitioner was aware or should have been aware of the time frame in which he had to prepare a petition for post-conviction relief. Nearly ten months of the one-year limitations period had passed before the petitioner received counsel's letter, and five months passed between the denial of certiorari and the letter. The record does not show anything that would have impeded the petitioner's ability to begin preparing for post-conviction proceedings before he received the August 3 letter from counsel, *i.e.* nothing prevented him from researching the law or requesting that counsel send him his file. Additionally, we see nothing in the record to suggest that counsel's mistake was a misrepresentation attributable to deceit or other misconduct. *See Williams*, 44 S.W.3d at 469. Her testimony, accredited by the post-conviction court, established that her mistake amounted to negligence. We agree with the previous panel of this court that remanded the petitioner's case to the post-conviction court: "If counsel's actions were simply negligent, [due process] tolling would not be necessary." *Whitehead*, 2009 WL 723849, at *4. We conclude that no circumstance beyond the petitioner's control denied him a reasonable opportunity to present his post-conviction claims in a timely manner. Therefore, due process tolling of the limitations period is not justified, and the petitioner is without relief in this matter.

**Conclusion**

Based on the foregoing reasons, we affirm the denial of post-conviction relief.

_____

ALAN E. GLENN, JUDGE